UNITED STATES *v.* QUON QUON CO.

No. 6068.—Entered at Los Angeles, Calif., January 4, 1940, etc.
Entry No. 5889, etc.

(Decided November 13, 1944)

*Paul P. Rao*, Assistant Attorney General (*Richard E. FitzGibbon* and *Daniel I. Auster*, special attorneys), for the plaintiff.
*Philip Stein* for the defendant.

COLE, Judge: The collector of customs at the port of Los Angeles, where the shipments in question were entered, filed these appeals for reappraisement of various kinds of merchandise exported from Peking, China, in October and November 1939.

When the case was called for hearing before me at the port of entry on February 23, 1944, counsel for the respective parties presented it as follows:

MR. FITZGIBBON: If Your Honor pleases, the merchandise was entered and appraised in Chinese Yuan dollars. The private invoice stated that the merchandise was purchased in Yuan dollars. Thereafter, when the consular invoice was produced there was a statement on it to the effect that the merchandise was purchased in F. R. B. dollars, the F. R. B. dollar being the new dollar which Japan was foisting upon China, and, therefore, the Government claims that the merchandise should have been appraised in F. R. B. dollars.

Since all the necessary facts that are pertinent to the question are in the papers which are before the court, the Government submits upon those papers.

\* \* \* \* \* \* \*

MR. STEIN: If the court please, my only observation in this case is that it is still a controversial question as to whether or not the Yuan dollar or the Japanese invoked currency is the proper medium of exchange to be used in cases such as this, where the Treasury Department does recognize the fact that merchandise was sold on a currency basis which was not that invoked by the Japanese when they took over possession. \* \* \*.

I feel that the question is still an open one. In fact, I know it is. But since no evidence is produced by the Government, I have nothing to rebut. Therefore, I submit.

The briefs of the parties include the following comment:

The facts appear to be of record that the merchandise was actually invoiced in F. R. B. dollars, although in reappraisement 138817–A the memorandum between the Collector and the Appraiser show that appraisement was made in F. R. B. dollars. Appeal was taken in that case, as well as in the other two cases, in order that the matter may be brought to the attention of the court, and to correct the erroneous entry and appraisement made in Yuan dollars, on the basis of the commercial invoices.

It will be observed that the Government does not claim any increase in the number of dollars and that it has specified that the same number of dollars as entered is proper, but that the currency should be F. R. B. dollars rather than in Yuan dollars. (Plaintiff's brief, page two.)

The merchandise herein appears to have been entered in Yuan dollars. The consular invoices indicate that the currency was in F. R..B. dollars. The appraiser appraised the merchandise in F. R. B. dollars accordingly. This, in fact, is confirmed on Page 1 of Government's brief, and by the reports on file with the official papers (see particularly Reappt. 138817–A). (Defendant's brief, page one.)

The foregoing detail has been set forth because the official record does not reflect the alleged facts. The "Summary of Entered Value, Examination, and Appraisement" (customs Form 6417), the official order of appraisement as required under Customs Regulations of 1943 (section 14.1) issued pursuant to section 488 of the Tariff Act of 1930 (19 U. S. C. 1940 ed. § 1488), shows that the instant merchandise was appraised as entered, such value being presumptively correct, section 501 of the Tariff Act of 1930 (19 U. S. C. 1940 ed. § 1501). This finding by the appraiser cannot be disturbed by an interoffice communication like the one appearing on the "Memorandum To Accompany Invoice" (customs Form 4371) with the papers in Reappraisement 138817–A. In that so-called memorandum, the appraiser, replying to an inquiry by the collector concerning the currency used on appraisement, stated it to be Federal Reserve bank dollars. Such a statement, however, can be regarded only as having informative value to the person receiving it. It is without probative value here. It cannot be accepted as a contradiction of facts embodied in the official papers upon which these cases have been submitted.

An amended entry (customs Form 7501) bearing the appraiser's stamp of approval for timeliness was filed in all of these cases. It is important to note that acceptance thereof in each instance was made subsequent to the receipt of the commercial invoices, indicating values in Yuan dollars, and the consular invoices, containing the statement, that "this invoice is made out in F. R. B. Dollar paper currency." The conclusion is therefore definite that the appraiser was entirely cognizant of all references to currency in the official papers when he appraised at the entered values. Each of the amended entries before me shows values expressed in Chinese national currency. The nature or kind of said medium of exchange, being a matter for consideration by the collector, on liquidation, is immaterial in this reappraisement

proceeding. The important fact—and the controlling one—is that the appraiser officially approved such entered values.

Since there is nothing herein showing any different values for the present merchandise, I therefore hold those adopted by the appraiser as the proper dutiable values. Judgment will be rendered accordingly.